### DONEFIELD'S, INC v CAULFIELD et

Ohio Common Pleas, Miami Co

Decided Dec 15, 1936

William H. Gilbert, Troy, for plaintiff.
Raymond S. Caulfield, Columbus, and James White Shocknessy, Columbus, for defendant.

## OPINION

By JONES, J.

As the term of the present incumbent of the bench is rapidly drawing to a close and a number of cases have been submitted for determination which it is desirable to have closed up before the expiration of such term, the court, while appreciating the careful presentation which many of these cases have had, will be as brief as possible in announcing the decision arrived at without taking the time to enter into any extended statements of facts or recital of authorities.

As to the demurrer of Raymond S. Caulfield: The court is of the opinion that it is not necessary in a case like the instant one to file a transcript from the Municipal Court. This is not a proceeding to enforce a lien, but is a creditor's bill against a judgment debtor, as mentioned in §11760 GC. The recitals in the petition serve the purpose historically of disclosing the right of the plaintiff to bring this proceeding as creditor.

The demurrer of Raymond S. Caulfield will be overruled.

This court takes the view expressed in the case of McLaughlin v. Bellow et al, Home Owners' Loan Corporation Garnishee, cited in a brief filed by the counsel for the Home Owners' Corporation in the instant case. The court in that case held:

"It must be concluded that the Home Owners' Corporation is an instrumentality of the United States, that as such it is possessed of the right inherent in a sovereign government to be exempt from suit, except by its express consent; and that the clause in the act creating it permitting it to sue and be sued is not an express consent to submit to garnishment, but only permits it to sue or be sued with reference to its own duties or liabilities."

A similar holding was made in the case of Home Owners' Loan Corporation v Hardie and Caudle, cited in the supplemental brief filed by the corporation. The view of this court is the same as expressed in the quotation which is set forth, and is supported by other authorities cited in the supplemental brief of the Home Owners' Loan Corporation.

There are two Ohio decisions made by Courts of Appeal upon this proposition, one

of which holds according to the Court of Appeals of Cuyahoga county, that a corporation is not subject to garnishment, being the case of Malitz v Freed, while the opposite is held by the Ohio Court of Appeals in the case of **Gill v Reese, 53 Oh Ap, 134; (22 Abs 1); 6 O. O., 580.** Neither of these decisions is binding upon the court, which is of the opinion that the holding in the McLaughlin case already cited is sufficient to hold the Home Owners' Loan Corporation as a government instrumentality exempt from suit in this action.

The court will therefore sustain the demurrer of the Home Owners' Loan Corporation to the petition of plaintiff.

Exceptions may be noted.